# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7233 | **DATE** | January 11, 2008 |
| **CASE TITLE** | Wendell Thompson (#30421) v. Judge Larson, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, Andrew Eliot Porter, Bronson & Kahn, LLC, 150 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, (312) 553-1700 is appointed to represent the plaintiff in Case No. 07 C 4698 in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Case numbers 07 C 4970, 07 C 6209, 07 C 6563, 07 C 6564, 07 C 6565, 07 C 7198, 07 C 7233, and 07 C 7234 (N.D. Ill.) are all administratively closed. Dismissal of these cases does not constitute a "strike" under 28 U.S.C. § 1915(g) and is without prejudice to appointed counsel filing an amended complaint in 07 C 4698 setting forth all viable constitutional claims regarding the plaintiff's confinement at the Kane County Jail in one complaint. Dismissal of the plaintiff's claims against judges and prosecutors is with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated below.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Kane County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues judges and prosecutors in his pending state criminal prosecution for engaging in *ex parte* communications and engaging in other alleged misconduct; he additionally claims that correctional officials have violated his First, Fifth, Eighth, and Fourteenth Amendment rights.

With respect to any causes of action the plaintiff may have regarding the conditions of his confinement, the court notes that is one of nine separate lawsuits the plaintiff has recently initiated against Kane County Jail officials. The court discerns no benefit to conducting nine separate lawsuits; the plaintiff's numerous filings threaten to overwhelm the court's limited resources. Accordingly, on the court's own motion, Andrew Eliot Porter / Bronson & Kahn, LLC / 150 North Wacker Drive, Suite 1400 / Chicago, Illinois 60606 / (312) 553-1700 has been appointed to represent the plaintiff in Case No. 07 C 4698 and has been instructed to present all conditions-of-confinement claims the plaintiff may have against the Kane County Jail in one document.

The plaintiff's claims against judges and prosecutors, however, must be dismissed with prejudice. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately **(CONTINUED)**

mjm

**STATEMENT (continued)**

associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). The plaintiff cannot sue prosecutors for *ex parte* communications with the judge or for "forging" a judge's signature.

Likewise, the Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Stump*, 435 U.S. at 356-57.

In short, judicial or prosecutorial misconduct may constitute grounds for reversal in the event that the plaintiff is convicted of the underlying criminal charges; however, the plaintiff cannot sue judges and prosecutors for damages. The court is particularly reluctant to entertain a federal civil rights action that presents such obvious potential for friction with the ongoing state criminal case. *See, generally, Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the plaintiff's non-conditions claims are dismissed with prejudice.